62 F.3d 1418
 151 L.R.R.M. (BNA) 2160
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD Petitioner,
v.
WOOD TECH SERVICES, INC., doing business as American Wood
Interiors, Inc. Respondent.
 No. 95-5813.
 United States Court of Appeals, Sixth Circuit.
 Aug. 1, 1995.
 
 Before: BROWN, MILBURN, and NORRIS, Circuit Judges.
 
 JUDGMENT
 
 1
 The National Labor Relations Board (the "Board") applies for summary enforcement of its February 17, 1995, decision and order in Case No. 7-CA-36451 in which it found the respondent violated federal labor law and directed the respondent to take certain remedial steps stated therein. The respondent did not file an answer to the complaint and has not made an appearance either before the Board or this court. Under these circumstances, we conclude the Board is entitled to the relief sought. See 29 U.S.C. Sec. 160(e) ("No objection that has not been urged before the Board, its member, agent, or agency, shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances.")
 
 
 2
 It therefore is ORDERED that the Board's decision and order in Case No. 7-CA-36451 is hereby enforced. The respondent, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from:
 
 3
 (a) Failing and refusing to make timely, contractually required contributions to the fringe benefit funds on behalf of the unit employees.
 
 
 4
 (b) Failing and refusing to remit to Millmen's Local 1452, United Brotherhood of Carpenters and Joiners of America, AFL-CIO (the "Union") dues deducted pursuant to valid dues-checkoff authorizations on behalf of unit employees, as required by the collective bargaining agreement.
 
 
 5
 (c) Failing and refusing to pay the contractual wage rates to certain unit employees.
 
 
 6
 (d) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the National Labor Relations Act (the "Act").
 
 
 7
 2. Take the following affirmative action necessary to effectuate the policies of the Act:
 
 
 8
 (a) Make all contractually required fringe benefit payments including, inter alia, vacation and holiday, health and welfare, and local pension, that have not been made since June 15, 1994, and make the unit employees whole for any expenses ensuing from the failure to make such payments as set forth in the remedy section of the Board's decision.
 
 
 9
 (b) Remit to the Union the deducted dues it withheld since about June 15, 1994, with interest, as set forth in the remedy section of the Board's decision.
 
 
 10
 (c) Make the unit employees whole for any loss of earnings attributable to its failure, since about July 1994, to pay contractually required wage rates, as set forth in the remedy section of the Board's decision.
 
 
 11
 (d) Preserve and, on request, make available to the Board or its agents, for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay due under the terms of this judgment.
 
 
 12
 (e) Post at its facility in Burton, Michigan, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 7 of the National Labor Relations Board (Detroit, Michigan), after being signed by the respondent's authorized representative, shall be posted by the respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places, including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the respondent to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 13
 (f) Notify the said Regional Director, in writing, within 20 days from the date of this judgment, what steps the respondent has taken to comply with this judgment.
 
 APPENDIX
 
 14
 NOTICE TO EMPLOYEES POSTED PURSUANT TO A JUDGMENT OF THE
 
 
 15
 UNITED STATES COURT OF APPEALS ENFORCING AN ORDER
 
 
 16
 OF THE NATIONAL LABOR RELATIONS BOARD.
 
 An Agency of the United States Government
 
 17
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 18
 WE WILL NOT fail or refuse to make timely, contractually required contributions to the fringe benefit funds on behalf of the unit employees.
 
 
 19
 WE WILL NOT fail or refuse to remit to the Union dues deducted pursuant to valid dues-checkoff authorizations on behalf of unit employees, as required by the collective-bargaining agreement.
 
 
 20
 WE WILL NOT fail or refuse to pay the contractual wage rates to certain unit employees.
 
 
 21
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 22
 WE WILL make all contractually required fringe benefit payments including, inter alia, vacation and holiday, health and welfare, and local pension, that have not been made since June 15, 1994, and make the unit employees whole for any expenses ensuing from the failure to make such payments, with interest.
 
 
 23
 WE WILL remit to the Union the dues deducted but withheld since about June 15, 1994, with interest.
 
 
 24
 WE WILL make the unit employees whole for any loss of earnings attributable to our failure, since about July 1994, to pay contractually required wage rates, with interest.
 
 
 25
 WOOD TECH SERVICES, INC., D/B/A AMERICAN WOOD INTERIORS, INC.